UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TOMMIE SEYMORE,

    Plaintiff,

vs.

MICHAEL FARMER,

    Defendant.

Case No: 2:16-cv-13808

Hon. Arthur J. Tarnow

MJ: Morris, Patricia T.

| Collins Einhorn Farrell PC | Michigan Department of Attorney General |
|---|---|
| Trent B. Collier (P66448) | Corrections Division |
| Kari l. Melkonian (P72012) | Allan J. Soros (P43702) |
| *Attorneys for Plaintiff* | Austin C. Raines (P82583) |
| 4000 Town Center, 9th Floor | *Attorney for Defendant* |
| Southfield, MI  48075 | PO Box 30736 |
| (248) 355-4141 | 525 W Ottawa St. |
| *Trent.Collier@CEFLawyers.com* | Lansing, MI 48909 |
| *Kari.Melkonian@CEFLawyers.com* | (517) 335-7106 |
| | *SorosA@michigan.gov* |

## Plaintiff Tommie Seymore's Motion in Limine to Allow Evidence Relevant to Emotional and Punitive Damages

Plaintiff Tommie Seymore moves this Court for entry of an order permitting the introduction of evidence regarding his emotional injuries and evidence concerning the appropriate measure of punitive damages. This evidence is relevant when assessing compensation for Seymore's

constitutional injury under the First Amendment. In support of this motion, Seymore relies on the attached brief.

Seymore sought Farmer's concurrence in this motion on February 16, 2021 and March 23, 2021 by sending emails to Farmer's attorney. See L.R. 7.1. Farmer's attorney did not respond to either email.

          Respectfully submitted,

          Collins Einhorn Farrell PC

          By: __/s/*Trent B. Collier*__
          Trent B. Collier (P66448)
          Kari l. Melkonian (P72012)
          *Attorneys for Plaintiff*
          4000 Town Center, 9th Floor
          Southfield, MI  48075
          (248) 355-4141
          Trent.Collier@CEFLawyers.com
Dated: April 20, 2021     Kari.Melkonian@CEFLawyers.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TOMMIE SEYMORE,

      Plaintiff,                                Case No: 2:16-cv-13808

vs.                                           Hon. Arthur J. Tarnow

MICHAEL FARMER,                MJ: Morris, Patricia T.

      Defendant.

| Collins Einhorn Farrell PC | Michigan Department of Attorney General |
|---|---|
| Trent B. Collier (P66448) | Corrections Division |
| Kari l. Melkonian (P72012) | Allan J. Soros (P43702) |
| *Attorneys for Plaintiff* | Austin C. Raines (P82583) |
| 4000 Town Center, 9th Floor | *Attorney for Defendant* |
| Southfield, MI 48075 | PO Box 30736 |
| (248) 355-4141 | 525 W Ottawa St. |
| [Trent.Collier@CEFLawyers.com](mailto:Trent.Collier@CEFLawyers.com) | Lansing, MI 48909 |
| [Kari.Melkonian@CEFLawyers.com](mailto:Kari.Melkonian@CEFLawyers.com) | (517) 335-7106 |
| | *SorosA@michigan.gov* |

**Brief in Support of Plaintiff Tommie Seymore's
Motion in Limine to Allow Evidence Relevant to
Emotional and Punitive Damages**

# Table of Contents

*Index of Authorities* ............................................................................................... ii

*Statement of Issue Presented* ............................................................................... iii

*Introduction* ............................................................................................................1

*Relevant Facts* .........................................................................................................2

*Standard of Review* ................................................................................................3

*Argument* .................................................................................................................4

   1. Under section 1997e, plaintiffs may seek compensatory and punitive damages for constitutional injuries ...............................................................4

   2. Applying § 1997e(e) to prevent prisoners from seeking redress for purely constitutional injuries is unconstitutional ............................................7

   3. Evidence relating to Seymore's emotional and punitive damages are relevant and admissible under Fed. R. Evid. 402 ..........................................9

*Conclusion* ............................................................................................................11

<u>CERTIFICATE OF SERVICE</u> ............................................................................12

# Index of Authorities

*Cases*

*Branham v. Thomas M. Cooley Law School,* 689 F.3d 558 (6th Cir. 2012) ............ 3

*Johnson v. Howard*, 24 Fed. Appx. 480 (6th Cir. 2001) .................................. 5, 10

*King v. Zamiara*, 788 F.3d 207 (6th Cir. 2015) ............................................ passim

*Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174 (1996) ............................................. 7

*Mee v. Johnson*, No. 19-12325,
2020 WL 1551139 (E.D. Mich. April 1, 2020) ....................................................... 5

*Percival v. Rowley*, 2005 WL 2572034
(W.D. Mich. 2005) (unpublished) (Enslen, J.) ...................................................... 8

*Piver v. Pender Cnty. Bd. of Educ.*, 835 F.2d 1076 (4th Cir. 1987) ........................ 5

*Siggers-El v. Barlow*, 412 F.3d 693 (6th Cir. 2005) ................................ 6, 8, 9, 10

*Small v. Brock*, 963 F.3d 539 (6th Cir. 2020) ...................................................... 5, 6

*State Farm v. Campbell*, 538 U.S. 408 (1996) ................................................. 10, 11

*Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) ............................................. 7

**Statutes**

42 U.S.C. § 1983 ............................................................................................... iii, 3

42 U.S.C. § 1997e(e) ................................................................................... passim

**Rules**

Fed. R. Evid. 402 ................................................................................................ 9, 11

L.R. 7.1 ..................................................................................................................... 2

## Statement of Issue Presented

I. The Prison Litigation Reform Act bars prisoners from bringing civil actions for purely emotional or mental injury, absent evidence of physical harm. Here, the prisoner-plaintiff suffered a constitutional harm, but no physical harm. With these facts, does 42 U.S.C. § 1983 allow a jury to consider evidence concerning the prisoner-plaintiff's emotional injuries and evidence concerning damages?

    Plaintiff answers:    Yes.

    Defendant presumably answers:    No.

    This Court should answer:    Yes.

## Introduction

Plaintiff Tommie Seymore seeks to introduce evidence concerning the constitutional injury he suffered because of defendant Michael Farmer's wrongful conduct. His damages for this constitutional injury should include both compensatory damages—including emotional damages—and punitive damages. Accordingly, this motion seeks a ruling that Seymore may introduce evidence concerning his emotional distress and evidence relevant to the appropriate measure of punitive damages (such as Farmer's state of mind).

The Prison Litigation Reform Act bars prisoners from bringing civil actions for mental or emotional injury without showing physical injury. 42 U.S.C. § 1997e(e). But Seymore suffered a *constitutional* injury. The Act does not preclude suit for constitutional harms. *King v. Zamiara,* 788 F.3d 207, 213-214 (6th Cir. 2015). And the Sixth Circuit Court of Appeals has held that a party who suffered a constitutional injury may seek both compensatory and punitive damages.

Accordingly, this Court should enter an order allowing evidence relevant to emotional and punitive damages, subject to any objections Farmer may choose to raise at trial.

## Relevant Facts

Tommie Seymore is a prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan. (*Verified Complaint*, ECF No. 1, PageID.1). On December 4, 2015, Seymore was involved in an incident with defendant Michael Farmer, a prison guard. Farmer became verbally abusive and threatened Seymore. (*Id.*) In response, Seymore attempted to seek supervisory staff and lodge a complaint against Farmer. (*Id.*) He also wanted to preserve security footage of the incident. (*Id.*)

Less than 90 minutes after Seymore sought a supervisor, Farmer had Seymore placed in segregation—also known as solitary confinement—on a charge of "Threatening Behavior." (*Verified Complaint*, ECF No. 1, PageID.2). That same day, Farmer boasted to other prisoners, "I tossed Seymore in segregation because he wanted to speak to my supervisor, that's what happens." (*Id.*) Because of Farmer's false claim, Seymore remained in the segregation unit for eleven days.

On December 15, 2015, a hearing officer cleared Seymore of Farmer's false Threatening Behavior charge. (*Verified Complaint*, ECF No. 1, PageID.2). The hearing officer reviewed security footage and determined that Seymore never approached Farmer with a "clenched fist," as Farmer had claimed. (*Id.*)

Indeed, Farmer acknowledged that Seymore was seeking a supervisory officer before Farmer's false allegation landed Seymore in segregation. (*Id.*)

Seymore filed a complaint under 42 U.S.C. § 1983, alleging that Farmer's actions violated his First Amendment rights. (*Verified Complaint*, ECF No. 1, PageID.1). Defendant Farmer moved for summary judgment. (*Defendant Farmer's Motion for Summary Judgment*, ECF No. 8, PageID.19). The Court denied defendant Farmer's motion. (*Order Denying Defendant's Motion for Summary Judgment*, ECF No. 13, PageID.87). Subsequently, the Court appointed counsel to represent Seymore. (*Order of Assignment of Counsel*, ECF No. 15, PageID.90). The Court has not yet set a trial date, but the final pre-trial conference is scheduled for May 5, 2021. (*Stipulated Order Extending Court's Case Management Order*, ECF No. 36, PageID.157).

## Standard of Review

Whether to admit or exclude evidence is generally within a trial court's discretion. *Branham v. Thomas M. Cooley Law School,* 689 F.3d 558, 562 (6th Cir. 2012).

## Argument

The Prison Litigation Reform Act prohibits prisoners from filing federal civil actions for mental or emotional injuries without a prior showing of physical injury. *See* 42 U.S.C. § 1997e(e). But that does not preclude evidence of damages relating to *constitutional* injuries. Because the Act allows plaintiffs to seek compensatory and punitive damages for constitutional injuries, evidence concerning those injuries is relevant and admissible.

1. **Under section 1997e, plaintiffs may seek compensatory and punitive damages for constitutional injuries.**

Plaintiffs are entitled to seek compensatory and punitive damages when they have suffered a constitutional injury, even without a showing of physical injury. *See King v. Zamiara,* 788 F.3d 207, 213-214 (6th Cir. 2015). In *King,* the plaintiff alleged a First Amendment claim based on a retaliatory transfer to a higher-security facility. Although the *King* court noted that "[t]he award must focus on *the real injury sustained* and not on . . . the abstract value of the constitutional right at issue," it affirmed an award of compensatory damages for a First Amendment violation—even without

4

physical harm. *Id.* at 214 (citing *Piver v. Pender Cnty. Bd. of Educ.*, 835 F.2d 1076, 1082 (4th Cir. 1987)).

The Court held that King could recover compensatory damages. *King,* 788 F.3d at 213 ("King can recover compensatory damages for the violation of his First Amendment rights in this case."). It also held that King could seek punitive damages. *Id.* at 216-217 ("Thus, a defendant who has been found liable for First Amendment retaliation has engaged in conduct that warrants consideration of an award of punitive damages."). Since *King,* this court and other district courts in the Sixth Circuit have recognized that, even absent a physical injury, a plaintiff "can receive compensatory and punitive damages" for constitutional violations. *See Mee v. Johnson*, No. 19-12325, 2020 WL 1551139, at *1 (E.D. Mich. April 1, 2020).

The Sixth Circuit Court of Appeals recently re-affirmed the availability of compensatory and punitive damages for purely constitutional injuries. *See Small v. Brock*, 963 F.3d 539, 543 (6th Cir. 2020). In *Small,* the court permitted a prisoner to pursue punitive damages where his Eighth Amendment rights were violated. *Id.* at 543. The court recognized that § 1997e(e) "says nothing about claims brought to redress constitutional injuries, which are distinct from mental and emotional injuries." *Id.* at 544 (citing *King*, 788 F.3d at 213).

5

Indeed, the *Brock* court recognized that "[m]ost of our sister circuits also interpret [§ 1997e(e)] to allow claims for punitive damages." *Id*. at 543.

Although *Small* declined to apply *King* to award compensatory damages for alleged Eighth Amendment violations, the *Small* court reaffirmed *King*'s holding allowing compensatory damages for "injuries to First Amendment rights." *Id*. at 544 (citing *King*, 788 F.3d at 212). The court "declined to resolve whether this holding of *King* extends to compensatory damages for alleged *Eighth Amendment violations*." *Id*. (emphasis added). And the only reason the court gave for declining to address this issue was "the absence of adversarial briefing." *Id*. Post-*Brock*, the rule from *King* allowing compensatory damages for constitutional violations still stands.

Like the plaintiff in *King*, Tommie Seymore alleges a constitutional harm—namely, the violation of his rights under the First Amendment. (*Verified Complaint*, ECF No. 1, PageID.3). The Sixth Circuit Court of Appeals has recognized that a federally incarcerated prisoner enjoys the First Amendment right to seek a supervisor to report misconduct by prison guards. *Siggers-El v. Barlow*, 412 F.3d 693 (6th Cir. 2005) (denying qualified immunity to a prison guard who unlawfully retaliated against a prisoner for exercising his First Amendment rights). *Siggers-El* clarified that a prisoner's

6

act of filing a complaint with a prison supervisor is a constitutionally protected activity because those acts are part of a prisoner's "attempt to access the courts." *Id*. at 699. And it is well-recognized that prisoners have a constitutional right to access the courts to challenge their sentence. *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343, 355, 116 S. Ct. 2174 (1996)).

By seeking a supervisor to lodge a complaint against Farmer, Seymore was exercising his First Amendment right to access the courts to address misconduct. Farmer's act of placing Seymore in segregation under false pretenses was retaliation against Seymore's constitutionally protected activity. Farmer even boasted to other prisoners that he placed Seymore in segregation because Seymore sought a supervisor. (*Verified Complaint*, ECF No. 1, PageID.2). As a result, Seymore has suffered a constitutional harm, and Section 1997e(e) does not prevent him from seeking emotional and punitive damages simply because he was not physically injured.

### 2. Applying § 1997e(e) to prevent prisoners from seeking redress for purely constitutional injuries is unconstitutional.

*King* is controlling, and it allows Seymore to seek compensatory and punitive damages for his constitutional injury. It's worth noting that this rule

7

is necessary as a constitutional matter. As this Court has held, applying the Act to prevent suits for constitutional injuries would be unconstitutional. *Siggers-El v. Barlow*, 433 F. Supp. 2d 811 (E.D. Mich. 2006).

In *Siggers-El,* the U.S. District Court for the Eastern District of Michigan held that applying § 1997e(e) to bar prisoner claims for mental or emotional injury without a prior showing of physical injury "would effectively immunize officials from liability for severe constitutional violations." *Id*. at 816. The court noted that § 1997e(e) allows plaintiffs to recover unlimited emotional damages if they can prove more than a *de minimis* physical injury. *Id*. Considering that First Amendment violations (and constitutional violations in general) rarely result in physical injuries, the court reasoned that constructing § 1997e(e) against recovery of damages "would defeat congressional intent and render constitutional protections meaningless." *Id*. (citing *Percival v. Rowley*, 2005 WL 2572034 (W.D. Mich. 2005) (unpublished) (Enslen, J.)).

The same rationale holds true for this case. Tommie Seymore didn't sustain a physical injury, but Farmer violated his First Amendment rights. Without the ability to pursue compensatory and punitive damages, Seymore would have no avenue for redress.

8

### 3. Evidence relating to Seymore's emotional and punitive damages are relevant and admissible under Fed. R. Evid. 402.

*King* allows Seymore to seek compensatory and punitive damages, and *Siggers-El* demonstrates that these damages are necessary as a constitutional matter. The only remaining question is whether evidence concerning compensatory and punitive damages is admissible under Federal Rule of Evidence 402.

Rule 402 states that relevant evidence is admissible unless the U.S. Constitution, a federal statute, other rules of evidence, or other rules prescribed by the Supreme Court provide otherwise. *See* FRE 402. Section 1997e(e) does not prevent prisoner-plaintiffs from seeking compensatory or punitive damages for purely constitutional injuries. Therefore, evidence relating to those injuries is admissible under Rule 402.

When calculating punitive damages, the Supreme Court has identified several "reprehensibility" factors to consider. These include whether:

> (1) the harm caused was physical as opposed to economic; (2) the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; (3) the target of the conduct had financial vulnerability; (4) the conduct involved repeated actions or was an isolated incident; and (5) *the harm was the result of intentional malice, trickery, or deceit*, or mere accident.

9

*State Farm v. Campbell*, 538 U.S. 408, 419 (1996) (emphasis added). Under these factors, Farmer's state of mind when violating Seymore's First Amendment rights is relevant to the calculation of punitive damages.

Evidence of Farmer's ability to pay a judgment is also relevant and admissible. The Sixth Circuit Court of Appeals has held that ability-to-pay evidence is relevant and admissible where the defendant seeks to admit such evidence to reduce the amount of punitive damages awarded. *Johnson v. Howard*, 24 Fed. Appx. 480, 488 (6th Cir. 2001) (unpublished). Although *Johnson* held that the burden fell on the defendant to produce evidence of his ability to pay, it does not preclude that a plaintiff from offering that kind of evidence. *Id.*

Similarly, evidence of Seymore's mental and emotional injuries is relevant to the amount of punitive damages. In *Siggers-El*, this court admitted evidence of mental and emotional injuries in a prisoner-plaintiff's § 1983 claim because "such evidence was relevant to the egregiousness of Defendant's conduct as well as punitive damages." *Siggers-El*, 433 F. Supp. 2d at 817. As the Supreme Court wrote in *Campbell*, "The most important indicium of the reasonableness of a punitive damages award is the degree of

reprehensibility of the defendant's conduct." *Campbell*, 538 U.S. at 419. The effect of Farmer's actions on Seymore is directly related to the reprehensibility of his actions—and, therefore, the appropriate amount of damages.

Because evidence concerning emotional and punitive damages is admissible under Rule 402, the Court should allow Seymore to introduce evidence relating to Farmer's state of mind, his ability to pay a judgment, and the effects of his unconstitutional actions on Seymore.

## Conclusion

For the foregoing reasons, Seymore respectfully requests that the Court enter an order permitting him to introduce evidence relevant to punitive and emotional damages under Fed. R. Evid. 402.

Respectfully submitted,

Collins Einhorn Farrell PC

By: /s/*Trent B. Collier*
Trent B. Collier (P66448)
Kari L. Melkonian (P72012)
*Attorneys for Plaintiff*
4000 Town Center, 9th Floor
Southfield, MI  48075
(248) 355-4141
*Trent.Collier@CEFLawyers.com*

Dated: April 20, 2021    *Kari.Melkonian@CEFLawyers.com*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2021, a copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties to the above cause to each of the attorneys of record herein.

    Respectfully submitted,

    Collins Einhorn Farrell PC

    By:   /s/*Trent B. Collier*
    Trent B. Collier (P66448)
    Kari L. Melkonian (P72012)
    *Attorneys for Plaintiff*
    4000 Town Center, 9th Floor
    Southfield, MI 48075
    (248) 355-4141
    Trent.Collier@CEFLawyers.com
    Kari.Melkonian@CEFLawyers.com