UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TOMMIE SEYMORE,

      Petitioner,                    Case No: 2:16-cv-13808
                                  Hon. Denise Page Hood
vs.                              MJ: Patricia T. Morris

MICHAEL FARMER,

      Defendant.
_____/

## **Plaintiff Tommie Seymore's Motion in Limine to Allow Seymore's Appearance in Civilian Clothing and Without Visible Restraints**

Plaintiff Tommie Seymore moves this Court for entry of an order (a) allowing him to appear at trial in civilian clothing (rather than prison garb) and (b) allowing him to appear without visible shackles. This relief is necessary to avoid prejudicing the jury. In support of this motion, Seymore relies on the attached brief.

Seymore sought Farmer's concurrence in this motion on April 25, 2022 by emailing Farmer's attorneys. See L.R. 7.1. Originally, Seymore's motion included a request for Farmer to appear in civilian clothing rather than a uniform—again, to avoid prejudicing the jury. Farmer's attorney replied that

he would agree to have Farmer appear in civilian clothing rather than a uniform. He indicated that he could not stipulate to the other relief because those issues were security matters for the Court.

Seymore's team appreciates the stipulation. They have removed any requests relating to Farmer's clothing, so the motion now focuses solely on Seymore's clothing and restraints.

COLLINS EINHORN FARRELL PC

By: */s/Trent B. Collier*
Trent B. Collier (P66448)
Kari l. Melkonian (P72012)
Verelle H. Kirkwood (P82289)
*Attorneys for Plaintiff*
4000 Town Center, 9th Floor
Southfield, MI  48075
(248) 355-4141
*Trent.Collier@CEFLawyers.com*
*Kari.Melkonian@CEFLawyers.com*
Dated:  April 28, 2022              *Verelle.Kirkwood@CEFLawyers.com*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TOMMIE SEYMORE,

      Petitioner,                          Case No: 2:16-cv-13808
                                         Hon. Denise Page Hood
vs.                                   MJ: Patricia T. Morris

MICHAEL FARMER,

      Defendant.
_____/

# Brief in Support of Plaintiff Tommie Seymore's Motion in Limine to Allow Seymore's Appearance in Civilian Clothing and Without Visible Restraints

# Table of Contents

Index of Authorities…………………………………………………………..… ii

Statement of Issue Presented………………………………….…….…..… iii

Introduction………………………………………………………………….... 1

Relevant Facts………………………………………………………………… 2

Standard of Review……………………………………………………….…... 3

Argument…………………………………………………………………….... 4

  1. Forcing prisoners to appear in prison garb during jury trials interferes with the right to a fair trial………………………………………………… 4
  2. *Maus* persuasively establishes that, in a civil action between a plaintiff/prisoner and a defendant/prison guard, both sides should appear in regular clothing rather than uniforms……………………… 5
  3. The Court should follow *Maus* and hold that (a) Seymore can appear in civilian clothes and (b) Seymore cannot be visibly shackled before the jury …………………………………………………………....…… 7

Conclusion……………………………………………………………..…… 8

# Index of Authorities

Cases                                                                                                      Pages

*CBS Inc. v. Young,*
          522 F.2d 234, 241 (6th Cir. 1975)…………………………….………… 4

*Dietz v Bouldin,*
          579 U.S. 40, 45 (2016)……………………………………………………… 3

*Ealy v. Berghuis,*
          2019 WL 3067975, *7 (E.D. Mich. 2019)…………………………………… 4

*Estelle v. Williams,*
          425 U.S. 501 (1976)……………………………………………………… 4

*Hill v. Spiegel, Inc.,*
          708 F.3d 233 (6th Cir. 1983)…………………………………………….. 4

*Link v. Wabash R. Co,*
          370 U.S. 626, 630-631 (1962)………………………………………...… 3

*Maus v Baker,*
          747 F.3d 926 (7th Cir. 2014)………………………………...… 2, 4, 5, 6, 7

*Ruimveld v. Brikett,*
          404 F.3d 1006, 1017 (6th Cir. 2005)…………………………………...… 6


Statutes

42 U.S.C. § 1983………………………………………………………...… 3, 4, 5

## <u>Statement of Issue Presented</u>

The plaintiff is a prisoner with the Michigan Department of Corrections who asserts that the defendant violated his constitutional rights. The jury may adopt a distorted view of the facts if they are constantly reminded that the plaintiff is incarcerated and the defendant is a guard. Should the Court order that the plaintiff can appear in civilian clothing and with no visible shackles?

Plaintiff answers:                                       Yes.


*Defendant has indicated that he views this issue as a security matter for the Court's discretion.*


This Court should answer:                          Yes.

## Introduction

Plaintiff Tommie Seymore, an inmate with the Michigan Department of Corrections, reported inappropriate conduct from a prison guard—defendant Michael Farmer. Shortly after Seymore's report, Farmer had Seymore placed in solitary confinement (also known as "segregation" in Michigan prisons) based on the assertion that Seymore had threatened him. A hearing officer viewed a video of Seymore's alleged threat and concluded that Farmer's assertion was false. But Farmer was nevertheless able to keep Seymore in solitary confinement for eleven days based on this false report.

With this action, Seymore seeks to hold Farmer liable for violating his right to report guards' misconduct without retaliation. For this trial to be fair, the jury must be able to see Seymore as a human being with the same constitutional right to report official misconduct—free from retaliation—as any other citizen. And that means it will need to view Seymore and Farmer free of the hierarchy of authority that prison roles necessarily create.

Farmer's attorney has agreed that Farmer will not appear in uniform. Accordingly, Seymore asks the Court to order that (A) Seymore can appear at trial in civilian clothing rather than prison garb, and (B) any shackles on

Seymore should not be visible to the jury. *See Maus v Baker,* 747 F.3d 926 (7th Cir. 2014).

## <u>Relevant Facts</u>

Tommie Seymore is a prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan. (*Verified Complaint*, ECF No. 1, PageID.1). On December 4, 2015, Seymore was involved in an incident with defendant Michael Farmer, a prison guard. Farmer became verbally abusive and threatened Seymore. (*Id*.) In response, Seymore attempted to seek supervisory staff and lodge a complaint against Farmer. (*Id.*) He also wanted to preserve security footage of the incident. (*Id*.)

Less than 90 minutes after Seymore sought a supervisor, Farmer had Seymore placed in segregation—also known as solitary confinement—on a charge of "Threatening Behavior." (*Verified Complaint*, ECF No. 1, PageID.2). That same day, Farmer boasted to other prisoners, "I tossed Seymore in segregation because he wanted to speak to my supervisor, that's what happens." (*Id*.) Because of Farmer's false claim, Seymore remained in the segregation unit for eleven days.

On December 15, 2015, a hearing officer cleared Seymore of Farmer's false Threatening Behavior charge. (*Verified Complaint*, ECF No. 1, PageID.2).

The hearing officer reviewed security footage and determined that Seymore never approached Farmer with a "clenched fist," as Farmer had claimed. (*Id.*) Indeed, Farmer acknowledged that Seymore was seeking a supervisory officer before Farmer's false allegation landed Seymore in segregation. (*Id.*)

Seymore filed a complaint under 42 U.S.C. § 1983, alleging that Farmer's actions violated his First Amendment rights. (*Verified Complaint*, ECF No. 1, PageID.1). Defendant Farmer moved for summary judgment. (*Defendant Farmer's Motion for Summary Judgment*, ECF No. 8, PageID.19). The Court denied defendant Farmer's motion. (*Order Denying Defendant's Motion for Summary Judgment*, ECF No. 13, PageID.87). Subsequently, the Court appointed counsel to represent Seymore. (*Order of Assignment of Counsel*, ECF No. 15, PageID.90).

This case is scheduled for trial on June 7, 2022.

## **Standard of Review**

This Court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Dietz v Bouldin,* 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co,* 370 U.S. 626, 630-631 (1962)).

## <u>Argument</u>

**1. Forcing prisoners to appear in prison garb during jury trials interferes with the right to a fair trial.**

In *Estelle v. Williams,* 425 U.S. 501 (1976), the Supreme Court held that a prisoner cannot be compelled in a criminal action to appear before a jury in prison garb—although a prisoner can waive that right by failing to invoke it, like the defendant in *Estelle*. In a criminal proceeding, therefore, a defendant has a right to appear in civilian clothing, although the court has no obligation to furnish that clothing. *See Ealy v. Berghuis,* 2019 WL 3067975, *7 (E.D. Mich. 2019) (stating this rule and citing cases).

This case is a civil action under 42 U.S.C. § 1983 rather than a criminal proceeding, so *Estelle* does not apply here with full force. But the right to a fair trial applies to both civil and criminal proceedings. *Hill v. Spiegel, Inc.,* 708 F.3d 233 (6th Cir. 1983) (holding that improper testimony deprived plaintiff of a fair trial in an action under the Age Discrimination in Employment Act); *CBS Inc. v. Young,* 522 F.2d 234, 241 (6th Cir. 1975) ("It is true that the right to a fair trial, both in civil and criminal cases, is one of our most cherished values …"). The Seventh Circuit Court of Appeals opinion in *Maus v Baker,* 747 F.3d 926 (7th Cir. 2014) persuasively demonstrates how

the Court should analyze this right to a fair trial in a prisoner's civil-rights action.

> **2.** ***Maus*** **persuasively establishes that, in a civil action between a plaintiff/prisoner and a defendant/prison guard, both sides should appear in regular clothing rather than uniforms.**

The Seventh Circuit Court of Appeals' opinion in *Maus v Baker,* 747 F.3d 926 (7th Cir. 2014), holds that the right to a fair trial requires allowing a prisoner to appear in civil clothing—without visible shackles—while precluding prison official from appearing in uniform. *Maus,* like this case, was a prisoner/plaintiff's action under 42 U.S.C. § 1983 against prison officials. *Id.* at 926. The trial court compelled the prisoner to appear in his prison uniform and with visible shackles while allowing the prison officials to appear in official uniforms. *Id.* at 927. The Seventh Circuit, in an opinion by Judge Posner, held that these procedures violated the prisoner's rights and required a new trial.

The Court explained that "[t]he sight of a shackled litigant is apt to make jurors think they're dealing with a mad dog; and just the contrast between a litigant's wearing prison garb and his opponents' wearing law enforcement uniforms is likely to influence the jury against the prisoner, and

has long been recognized as being highly prejudicial." *Maus,* 747 F.3d at 926. That prejudice arises in civil as well as criminal proceedings. *Id.*

The *Maus* court recognized the important safety interests that apply when handling those convicted of violent crimes. But the court correctly observed that courts can handle that those safety concerns with shackles hidden from the jury: "Ordinarily courtroom security can be assured by shackling the prisoner just at the ankles (skipping the handcuffs); and when that is done a curtain attached to the table at which he sits will hide the shackles from the jury's sight." *Maus,* 747 F.3d at 927.

*Maus* recognized that courts sometimes use jury instructions to cure any prejudice. *Maus,* 747 F.3d at 928. But the court also recognized that "[c]urative instructions have (as judges too rarely acknowledge) only limited efficacy." *Id.* But no instruction can cure the prejudice arising from shackling a party: "A truthful explanation for the shackles will be highly prejudicial— but without an explanation the jurors are left to wild conjecture." *Id.* In other words, any explanation will only heighten the prejudice arising from shackles. The best course of action, as *Maus* suggests, is to ensure that the jury cannot see any shackles or security measures. *See Ruimveld v. Brikett,* 404 F.3d 1006, 1017 (6th Cir. 2005) (stating in a criminal case that shackling "can

create a substantially injurious inference of guilt in the absence of any circumstances that render shackles necessary").

3. **The Court should follow *Maus* and hold that (a) Seymore can appear in civilian clothes and (b) Seymore cannot be visibly shackled before the jury.**

*Maus* persuasively establishes that it would be unfair for Seymore to appear in prisoner garb, especially with visible restraints. Consciously or unconsciously, that clothing might make jurors to believe that Seymore is dangerous. For Seymore to have a fair trial, the jury must view the evidence without that distorting lens.

Yes, the jury will still know that Seymore is a prisoner, given the facts of this case. But *Maus* correctly observes that "being *told* that a plaintiff is a prisoner and the defendants guards, and *seeing* them in uniforms—one type of uniform branding the plaintiff as a prison inmate, the other denoting the defendants' status as law enforcers—are likely to create impressions differing in their strength." *Maus,* 747 F.3d at 928 (emphasis in original).

The point here is not to prevent the jury from knowing that Seymore is imprisoned. Instead, the point is to avoid the kind of unconscious prejudice—the constant reminder of status—that *Maus* cited as a reason to allow prisoners to appear in civilian clothes. The parties will meet on even

ground only if they both appear in clothing that does not suggest their status in the hierarchy of prison life.

There are no facts that would suggest a need for heightened caution with Seymore. He is designated as Security Level II, where I is the highest/least risky and V is the lowest/most risky. Accordingly, Seymore respectfully asks this Court to enter an order (A) allowing him to appear in civilian clothing and (B) directing that any restraints must not be visible to the jury.

## Conclusion

For the foregoing reasons, Seymore asks the Court to order that (A) Seymore can appear at trial in civilian clothing rather than prison garb and (B) any shackles on Seymore should not be visible to the jury.

COLLINS EINHORN FARRELL PC

By: */s/Trent B. Collier*
TRENT B. COLLIER (P66448)
KARI L. MELKONIAN (P72012)
VERELLE H. KIRKWOOD (P82289)
*Attorneys for Plaintiff*
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141
*Trent.Collier@CEFLawyers.com*
*Kari.Melkonian@CEFLawyers.com*
Dated: April 28, 2021        *Verelle.Kirkwood@CEFLawyers.com*

8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 28, 2022 my secretary, Beth A. Wackus, electronically filed the above and foregoing Plaintiff, Tommie Seymore's Motion in Limine to Allow Seymore's Appearance in Civilian Clothing and Without Visible Restraints and Brief in Support with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

/s/Trent B. Collier
TRENT B. COLLIER (P66448)