UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TOMMIE SEYMORE,

    Petitioner,

vs.

MICHAEL FARMER,

    Defendant.
_____/

Case No: 2:16-cv-13808
Hon. Denise Page Hood
MJ: Patricia T. Morris

## PLAINTIFF TOMMIE SEYMORE'S MOTION FOR WRITS OF HABEAS CORPUS AD TESTIFICANDUM

Plaintiff, Tommie Seymore, moves this Honorable Court for an Order for a Writ of Habeas Corpus Ad Testificandum, under 28 U.S.C. §2241(c)(5), to provide for his presence as the plaintiff and key witness in this case. Specifically, he asks the Court to require the G. Robert Cotton Correctional Facility and the Michigan Department of Corrections to produce Seymore (MDOC Inmate # 213863) at this Court on June 7, 2022 and for each subsequent day of trial.[1]

Additionally, Seymore moves this Honorable Court for an Order for Writs of Habeas Corpus Ad Testificandum, under 28 U.S.C. §2241(c)(5),

---

[1] **See** *Exhibit A* – proposed writ of habeas corpus ad testificandum for plaintiff Seymore.

1

directing the Michigan Department of Corrections to ensure that the following individuals are available to testify via video on June 7, 2022 and for each subsequent day of trial:

    a. Kevin King, MDOC #171671, currently housed at the G. Robert Cotton Correctional Facility. He will testify as to Defendant Farmer's subsequent boasting about how he locked up Seymore[2];

    b. Harold Shaw, Jr., MDOC #208228, currently housed at the G. Robert Cotton Correctional Facility. He is Seymore's prior bunkmate and co-worker, testifying as to comments made by Defendant Farmer regarding placing Seymore in segregation[3];

    c. Carlos King, MDOC #222974, currently housed at Macomb Correctional Facility, care of Warden George Stephenson, 34625 26 Mile Rd., Lenox Township, MI 48048. He will testify that Defendant Farmer previously attempted to unreasonably place

---

[2] **See *Exhibit B –*** proposed writ of habeas corpus ad testificandum for Kevin King.
[3] **See *Exhibit C –*** proposed writ of habeas corpus ad testificandum for Harold Shaw, Jr.

  him in segregation, and that other officers talked him out of it[4]; and,

  d. Marco Dean, MDOC #506057, currently housed at Carson City Correctional Facility, care of Warden Randee Rewerts, 10274 Boyer Road, Carson City, MI 48811-9746.  He witnessed Defendant Farmer's mistreatment of Seymore's belongings after placing him in segregation.[5]

As required under Local Rule 7.1, Seymore sought opposing counsel's concurrence in this motion on April 25, 2022 by email.  We did not obtain concurrence.

            COLLINS EINHORN FARRELL PC

            By: _/s/Verelle H. Kirkwood_
            TRENT B. COLLIER (P66448)
            KARI L. MELKONIAN (P72012)
            VERELLE H. KIRKWOOD (P82289)
            *Attorneys for Plaintiff*
            4000 Town Center, 9th Floor
            Southfield, MI  48075
            (248) 355-4141
            Trent.Collier@CEFLawyers.com
            Kari.Melkonian@CEFLawyers.com
Dated:  April 28, 2022      Verelle.Kirkwood@CEFlawyers.com

---

[4] **See *Exhibit D –*** proposed writ of habeas corpus ad testificandum for Carlos King.
[5] **See *Exhibit E –*** proposed writ of habeas corpus ad testificandum for Marco Dean.

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TOMMIE SEYMORE,

    Plaintiff,

vs.

MICHAEL FARMER,

    Defendant.

_____/

Case No: 2:16-cv-13808
Hon. Denise Page Hood
MJ: Patricia T. Morris

### BRIEF IN SUPPORT OF PLAINTIFF TOMMIE SEYMORE'S MOTION FOR WRITS OF HABEAS CORPUS AD TESTIFICANDUM

### Introduction

Plaintiff, Tommie Seymore, an inmate with the Michigan Department of Corrections, reported inappropriate conduct from a prison guard—defendant Michael Farmer. Shortly after Seymore's report, Farmer had Seymore placed in solitary confinement (also known as "segregation" in Michigan prisons) based on the assertion that Seymore had threatened him. A hearing officer viewed a video of Seymore's alleged threat and concluded that Farmer's assertion was false. But Farmer was nevertheless able to keep Seymore in solitary confinement for eleven days based on this false report.

4

With this action, Seymore seeks to hold Farmer liable for violating his right to report guards' misconduct without retaliation. For this trial to be fair, the jury must be able to see Seymore in person. That's the only way for the jury to fully assess his credibility against Farmer's. Moreover, the alternative—having Seymore testify by video from prison—will invite unconscious bias, since the jury would be constantly reminded that Seymore is incarcerated.

Seymore also wants to present testimony from several material witnesses in the custody of the Michigan Department of Corrections. Given the institutional costs and the practical difficulties of transporting several inmates, Seymore is only asking the Court to ensure that incarcerated witnesses can appear via video. This arrangement strikes the best balance between fairness and safety.

## Relevant Facts

Tommie Seymore is a prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan. (*Verified Complaint*, ECF No. 1, PageID.1). On December 4, 2015, Seymore was involved in an incident with defendant Michael Farmer, a prison guard. Farmer became verbally abusive and threatened Seymore. (*Id.*) In response, Seymore attempted to seek

supervisory staff and lodge a complaint against Farmer. (*Id.*) He also wanted to preserve security footage of the incident. (*Id.*)

Less than 90 minutes after Seymore sought a supervisor, Farmer had Seymore placed in segregation—also known as solitary confinement—on a charge of "Threatening Behavior." (*Verified Complaint*, ECF No. 1, PageID.2). That same day, Farmer boasted to other prisoners, "I tossed Seymore in segregation because he wanted to speak to my supervisor, that's what happens." (*Id.*) Because of Farmer's false claim, Seymore remained in the segregation unit for eleven days.

On December 15, 2015, a hearing officer cleared Seymore of Farmer's false Threatening Behavior charge. (*Verified Complaint*, ECF No. 1, PageID.2). The hearing officer reviewed security footage and determined that Seymore never approached Farmer with a "clenched fist," as Farmer had claimed. (*Id.*) Indeed, Farmer acknowledged that Seymore was seeking a supervisory officer before Farmer's false allegation landed Seymore in segregation. (*Id.*)

Seymore filed a complaint under 42 U.S.C. § 1983, alleging that Farmer's actions violated his First Amendment rights. (*Verified Complaint*, ECF No. 1, PageID.1). Defendant Farmer moved for summary judgment. (*Defendant Farmer's Motion for Summary Judgment*, ECF No. 8, PageID.19). The

Court denied defendant Farmer's motion. (*Order Denying Defendant's Motion for Summary Judgment*, ECF No. 13, PageID.87). Subsequently, the Court appointed counsel to represent Seymore. (*Order of Assignment of Counsel*, ECF No. 15, PageID.90).

This case is scheduled for trial on June 7, 2022.

## Law and Argument

This Court has authority to issue a writ of habeas corpus ad testificandum under 28 U.S.C. § 2241. This section provides in pertinent part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit court judge shall be entered in the records of the district court of the district wherein the restrained complained of is had.
>
> \*     \*     \*
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
> \*     \*     \*
>
> (5) It is necessary to bring him into court to testify or for trial.

Other sections of the United States Code confirm the Court's authority to order a state prisoner's appearance at trial. See 28 U.S.C. § 1651 (stating

7

that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

To grant a writ of habeas corpus ad testificandum, a court should direct a writ to the person having custody of the inmate at issue. See 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained . . . [T]he person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.").

Seymore's appearance is necessary for the trial set to commence on June 7, 2022. Seymore's presence will be required from the very beginning to the end of the trial proceedings, as he is the plaintiff and intends to actively participate and to assist his attorneys in the prosecution of the case, including giving sworn testimony. At the conclusion of the trial, Seymore can be remanded back into the custody of the G. Robert Cotton Corrections Facility.

Additionally, the named witnesses should be available for remote testimony by video, as each witness will provide vital information relating to Seymore's claims against Defendant Farmer:

a. Kevin King, MDOC #171671, currently housed at the G. Robert Cotton Correctional Facility. He will testify as to Defendant Farmer's boasting about how he locked up Seymore;

b. Harold Shaw, Jr., MDOC #208228, currently housed at the G. Robert Cotton Correctional Facility. He is Seymore's prior bunkmate and co-worker, testifying as to comments made by Defendant Farmer regarding placing Seymore in segregation.

c. Carlos King, MDOC #222974, currently housed at Macomb Correctional Facility, care of Warden George Stephenson, 34625 26 Mile Rd., Lenox Township, MI 48048. He will testify that Defendant Farmer previously attempted to unreasonably place him in segregation, and that other officers talked him out of it.

d. Marco Dean, MDOC #506057, currently housed at Carson City Correctional Facility, care of Warden Randee Rewerts, 10274 Boyer Road, Carson City, MI 48811-9746. He witnessed Defendant Farmer's mistreatment of Seymore's belongings after placing him in segregation.

Proposed Writs of Habeas Corpus Ad Testificandum are attached as *Exhibits A-E*.

Given the costs and security issues involved in transporting this many individuals currently housed in various correctional facilities, Seymore agrees that they should testify via video. For these witnesses, this motion only asks the Court to direct the Michigan Department of Corrections to make these individuals available to testify at trial.

## **Conclusion**

Seymore respectfully requests that this Court enter an Order for a Writ of Habeas Corpus Ad Testificandum for the G. Robert Cotton Correctional Facility and Michigan Department of Corrections to transport Tommie Seymore, MDOC Inmate #213863, to his trial on June 7, 2022 and all subsequent days as required.

Additionally, for the foregoing reasons, Seymore respectfully requests that this Court enter an Order for Writ of Habeas Corpus Ad Testificandum to allow the following material witnesses to give sworn testimony by way of video at trial: Kevin King, Harold Shaw, Jr., Carlos King, and Marco Dean.

|  |  |
|---|---|
|  | COLLINS EINHORN FARRELL PC |
|  | By: */s/Verelle H. Kirkwood*<br>TRENT B. COLLIER (P66448)<br>KARI L. MELKONIAN (P72012)<br>VERELLE H. KIRKWOOD (P82289)<br>*Attorneys for Plaintiff*<br>4000 Town Center, 9th Floor<br>Southfield, MI  48075<br>(248) 355-4141<br>*Trent.Collier@CEFLawyers.com*<br>*Kari.Melkonian@CEFLawyers.com* |
| Dated:  April 28, 2022 | *Verelle.Kirkwood@CEFlawyers.com* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 28, 2022 my secretary, Beth A. Wackus, electronically filed the above and foregoing Plaintiff, Tommie Seymore's Motion for Writs of Habeas Corpus Ad Testificandum and Brief in Support with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

*/s/Verelle H. Kirkwood*
VERELLE H. KIRKWOOD (P82289)