UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TOMMIE SEYMORE,

    Plaintiff,

vs.

MICHAEL FARMER,

    Defendant.

Case No: 2:16-cv-13808
Hon. Denise Page Hood

| COLLINS EINHORN FARRELL PC<br>TRENT B. COLLIER (P66448)<br>KARI L. MELKONIAN (P72012)<br>*Attorneys for Plaintiff*<br>4000 Town Center, 9th Floor<br>Southfield, MI  48075<br>(248) 355-4141<br>Trent.Collier@CEFLawyers.com<br>Kari.Melkonian@CEFLawyers.com | MICHIGAN DEPARTMENT OF ATTORNEY GENERAL MDOC DIVISION<br>MICHAEL R. DEAN (P71333)<br>LEANNE DAO (P79247)<br>*Attorneys for Defendant*<br>PO Box 30736<br>525 W Ottawa St.<br>Lansing, MI 48909<br>(517) 335-7106<br>deanm2@michigan.gov<br>daol1@michigan.gov |
|---|---|

# AMENDED Joint Final Pretrial Order[1]

## Jurisdiction

This Court has jurisdiction because this case raises a federal question. *See* 28 U.S.C. § 1331.

---

[1] The amendment is to reflect changes to the parties' consolidation and labeling of exhibits, and reference to witness status only.

## Plaintiff's Claims

Plaintiff Tommie Seymore alleges that defendant Michael Farmer falsely reported that Seymore had threatened him, and that this false report was retaliation against Seymore after Seymore asked to speak with Farmer's supervisor. Based on Farmer's false statement, Seymore spent 11 days in a segregation unit, suffering extreme emotional distress. Farmer's actions violated Seymore's rights under the First Amendment of the United States Constitution, and Seymore therefore seeks actual and punitive damages under 42 U.S.C. § 1983.

## Defendant's Claims

Michael Farmer denies that he took any retaliatory action against Mr. Seymore.  Mr. Seymore became verbally abusive during an encounter in a common area of the prison's residential unit which Farmer construed as being an escalation by Seymore.  In a prison setting, control of prisoners is an essential function that must be maintained for the safety and security of the prison.  Mr. Farmer wrote two misconduct charges which were heard by a state administrative law judge and one of the two was upheld.

## Stipulation of Facts

1. Seymore is incarcerated in the G. Robert Cotton Correctional Facility in Jackson, Michigan.

2. Corrections officer Michael Farmer was working at the correctional facility on December 4, 2015.

## Issues of Fact to Be Litigated

1. Did Farmer file a false report on December 4, 2015?

2. Did Farmer file the December 4, 2015 report as retaliation for Seymore's attempt to report Farmer?

3. What damages did Seymore suffer because of Farmer's report?

4. Did Farmer engage in what Seymore considered to be abusive and threatening behavior around 10:20 p.m. on December 4, 2015?

5. Did Seymore seek Farmer's supervisor to report Farmer's behavior and to ensure that the facility preserved security footage of Farmer's conduct?

6. After Farmer learned that Seymore was trying to report his conduct, did Farmer prepare a report stating that Seymore approached Farmer with a "clenched fist" and engaged in threatening behavior?

7. Was Seymore placed in a segregation unit (also known as solitary confinement) on the night of December 4, 2015 based on Farmer's report?

8. Did a hearing officer review security footage of the alleged incident on December 15, 2015 and determine that Farmer's statement about Seymore threatening him with a "clenched fist" was false?

9. Was Seymore released from segregation on December 15, 2015?

10. Does Seymore seek actual and punitive damages from Farmer under 28 U.S.C. § 1983 based on the alleged violation of his First Amendment rights?

11. Does a prisoner have a First Amendment right to report prison guards' misconduct to their supervisors? *Seymore disagrees that this is an issue of fact to be litigated.*

12. Is Seymore entitled to seek actual and punitive damages (although Farmer asserts that Seymore is not entitled to emotional-distress damages)? *Seymore disagrees that this is an issue of fact to be litigated.*

13. What is the correct amount of punitive damages for Farmer's conduct? *Defendant disagrees that this is an issue of fact to be litigated.*

**Issues of Law to Be Litigated**

1. Can a prisoner obtain emotional-distress damages for a constitutional injury in light of 42 U.S.C. § 1997e(e) and *King v. Zamiara,* 788 F.3d 207 (6th Cir. 2015)? [*See Plaintiff Tommie Seymore's Motion in Limine to Allow Evidence Relevant to Emotional and Punitive Damages,* ECF No. 37, PageID.159].

2. Is Seymore entitled to wear civilian clothing and be free of visible restraints at the time of trial? [*See Plaintiff Tommie Seymore's Motion in Limine to (A) Allow Seymore's Appearance in Civilian Clothing and Without Visible Restraints; and (B) Preclude Farmer from Wearing a Guard's Uniform,* ECF 52].

**Evidentiary Problems Likely to Arise at Trial**

1. Farmer has challenged the admissibility of evidence relating to emotional-distress damages for Seymore's constitutional injury.

2. Three of Seymore's witnesses—Carlos King, Harold Shaw and Marco Dean—are inmates within the Michigan Department of Corrections. There may be some logistical problems in presenting their testimony, but the parties believe that those issues can be overcome by having these witnesses testify via Zoom (or a comparable video system). A Writ of

*Habeas Corpus Ad Testificandum* for each witness has been entered by the Court.

3.   One of Seymore's witnesses, Kevin King, was recently released on bond pending resentencing. A Writ of *Habeas Corpus Ad Testificandum* for Mr. King was previously entered by this Court for his testimony to take place on January 6, 2023 at 9:00 a.m. Mr. King has a scheduled status conference in his criminal matter before Judge Kwame' Rowe in the Oakland County Circuit Court on the same date and time. Based on these recent developments, Seymore now intends to call Mr. King on January 10, 2023 at 9:00 a.m. A subpoena has been issued to Mr. King for his in-person appearance.

4.   Another witness for Seymore – Demarcus Ware – was recently release from Michigan Department of Corrections custody. Efforts to locate him are underway, but he may need to be personally served with a subpoena.

5.   Seymore will call the hearing officer, Michael Marutiak, to testify at trial. Mr. Marutiak is a key witness. The parties consented to take Mr. Marutiak's *De Bene Esse* Deposition due to a conflict with this witness's travel schedule. [*See Order Granting Joint Motion to Conduct Trial Examination by Way of De Bene Esse Video Deposition ECF #58*].

6. The only video of the incident at issue here has a bar across the bottom that obscures part of the picture. Seymore submits that this bar was not present when the hearing officer reviewed the video, and that an unaltered copy is present in the hearing officer's file which has not been produced.

### Plaintiff's Witnesses

1. Tommie Seymore (plaintiff)

2. Michael Farmer (defendant)

3. Kevin King (witness to December 4, 2015 incident, and similar threats). *Defendant objects to testimony about "similar threats" that is not relevant under FRE 401-402, would introduce improper character evidence under FRE 404, and the witness's testimony should be excluded under FRE 403 as unduly prejudicial.*

4. Carlos King (inmate with similar encounter with Farmer). *Defendant objects that this is not relevant under FRE 401-402, would introduce improper character evidence under FRE 404, and the witness's testimony should be excluded under FRE 403 as unduly prejudicial.*

5. Harold Shaw (witness to conduct engaged in by Farmer relative to intent behind placing Seymore in segregation)

6. Marco Dean (witness to December 4, 2015 incident)

7. Demarcus Ware (witness to December 4, 2015 incident)

8. Warden Shawn Brewer (may call)

9. Sergeant Robert Mask (may call)

10. Michael Marutiak (hearing officer) (via *De Bene Esse* deposition)

## Defendant's Witnesses

1. Plaintiff Tommie Seymore

2. Defendant Michael Farmer

3. Sgt. Robert Mask (May Call)

4. Scott Bailey, Current Inspector at JCF (May Call). *Seymore objects that Bailey's testimony is inadmissible because it's irrelevant, among other reasons.*

5. Lt. Paul Anderson (May Call)

## Seymore's Exhibits

1. Video of Incident

2. Misconduct Hearing Packet (used at *De Bene Esse* Deposition of Officer Marutiak)

3. Photographs from Segregation Unit. *Defendants object to this exhibit on the grounds that, under FRE 401, it is not relevant, and under FRE 403, it needlessly presents cumulative evidence, is unfairly prejudicial, confuses the issues, and misleads the jury.*

4. Undated letter from Seymore to Warden Brewer Requesting Investigation

5. (a) Unsigned Prisoner/Parolee Grievance Form;

      (b)    Prisoner/Parolee Grievance Form (December 29, 2015)

6. Step I Grievance Response.

7. (a) Prisoner/Parolee Grievance Appeal Form (January 13, 2016)

      (b)    Letter from C. Johnson to Seymore (January 17, 2016)

8. Step II Prisoner/Parolee Grievance Response (January 23, 2016)

9. Updated Grievance Appeal Form (January 26, 2016)

10. Step III Grievance Decision (March 15, 2016)

11. Expedited Legal Mail Form (October 17, 2016).

*Plaintiff reserves the right to use rebuttal exhibits as needed, and deposition transcripts for impeachment purposes*.

## Defendant's Exhibits

A. Plaintiff's Major Misconduct Summary Report *Seymore objects to this document as hearsay (FRE 801), irrelevant (FRE 401), and improper character evidence (FRE 404)*.

B. P.D. 03.03.105, "Prisoner Discipline"

C. Plaintiff's Cell Usage History Report *Seymore objects to this document as hearsay (FRE 801), irrelevant (FRE 401), and improper character evidence (FRE 404)*.

*Defendant reserves the right to use rebuttal exhibits as needed, and deposition transcripts for impeachment purposes*.

## Damages

Aside from attorney fees under 42 U.S.C. § 1988, Seymore does not have easily quantifiable damages. He seeks (a) actual damages to compensate him for the emotional distress incurred during his 11-day stint in segregation, and (b) punitive damages.

Seymore also seeks attorney fees under 42 U.S.C. § 1988 based on prevailing market rates. To date, Seymore's attorneys have spent over 400 hours on this matter.

**(THIS SPACE INTENTIONALLY LEFT BLANK)**

## Trial

This case will be tried before a jury. The trial should take 3 to 4 days.

## Settlement

The parties are presently discussing settlement.

Dated:  January 5, 2023               s/Denise Page Hood
                                      United States District Judge


by: */s/Kari L. Melkonian*            by: */s/Michael R. Dean (w/consent)*
COLLINS EINHORN FARRELL PC            MICHIGAN DEPARTMENT OF
TRENT B. COLLIER (P66448)             ATTORNEY GENERAL
KARI L. MELKONIAN (P72012*)*          CORRECTIONS DIVISION
*Attorneys for Plaintiff*             MICHAEL R. DEAN (P71333)
                                      SCOTT ROTHERMEL (P70711)
                                      *Attorneys for Defendant*