UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE SEYMORE,

    Plaintiff,

v.

MICHAEL FARMER,

    Defendant.
_____/

CASE NO. 16-13808

HON. DENISE PAGE HOOD

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO POST EXHIBITS TO ECF (ECF No. 98)

This matter is before the Court on Plaintiff Tommie Seymore's Motion to Post Exhibits to ECF. (ECF No. 98) Seymore asserts that when the court reporter transcribed the record and placed it on ECF, that record omitted non-testimony evidence, including a video deposition of hearing officer Michael Marutiak. (ECF No. 98, PageID.1129-1130). Seymore asks the Court to "create ECF entries" of certain items from the January 2023 trial. (*Id*. at PageID.1130)

The Federal Rules of Appellate Procedure limits the record on appeal to "the original papers and exhibits filed in the district court," "the transcript of proceedings, if any," and "a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). Rule 10(e)(2) allows a corrected and a supplemental record to be certified and forwarded to the appellate court if anything

material to either party is omitted from or misstated in the record by error or accident. Fed. R. App. 10(e)(2). The purpose of the rule is to allow a court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals. *Inland Bulk Transfer Co. v. Cummins Engine Co.,* 332 F.3d 1007, 1012 (6th Cir. 2003).

The Court Reporter's Act provides that, "[e]ach session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim .." 28 U.S.C.A. § 753(b) (West). The Court Reporter's Act does not require that audio or video recordings, which were not testimony but were themselves admitted into evidence as exhibits, be transcribed by the court reporter. *United States v. Cannon*, 987 F.3d 924 (11th Cir. 2021).

The following items Seymore asks the Court to create ECF entries from the January 2023 trial include: 1) Video of incident, ECF No. 89, PageID.729; 2) The video deposition of Michael Marutiak, ECF No. 89, PageID.741; 3) The continued deposition of Michael Marutiak, ECF No. 90, PageID.752; 4) Exhibit 4, portion of grievance packet; ECF No. 92, PageID.999; 5) Exhibit 5-A, Step 3 grievance, ECF No. 92, PageID.1003. These items were not testimony at trial. The court reporter had no duty under the Court Reporter's Act to transcribe or preserve these items as

part of the transcription of the proceedings. The court reporter has a duty to transcribe the proceedings held in open court under the Court Reporter's Act.

The Local Rule provides that each party retain its exhibits. E.D. Mich. LR 16.8(c). Seymore does not indicate that these items were previously filed as part of any other filings (such as motions for summary judgment) filed by Seymore, nor any other party in the action. Seymore now asks the Court to "create" entries for these itmes ECF. The Court itself will not so file these items, but will allow Seymore to file the items listed in his motion as Exhibits presented at trial pursuant to the CM/ECF Electronic Filing Policies and Procedures, speicfically R19. The Court's website provides specific E-Filing information, instructions and other resources on how to file items on ECF and contact information to the MIED Help Desk.

Accordingly,

IT IS ORDERED that Plaintiff Tommie Seymore's Motion to Post Exhibits to ECF (ECF No. 98) is GRANTED IN PART in that the Court will allow Seymore to supplement the record on appeal and DENIED IN PART in that the Court itself will not be filing these exhibits.

IT IS FURTHER ORDERED that Seymore may file a document entitled "Supplemental Exhibits Presented at Trial" which contain exhibits listed above and in his motion, which were inadvertently omitted from the record on appeal. These Exhibits are now designated for inclusion in a supplemental record to be certified and transmitted to the court of appeals for the Sixth Circuit after Seymore's filings of these exhibits.

                                                      s/Denise Page Hood
                                                      DENISE PAGE HOOD
                                                      United States District Judge

DATED: September 20, 2023