UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMIE SEYMORE,

    Plaintiff,

v.

MICHAEL FARMER,

    Defendant.

_____/

CASE NO. 16-13808

HON. DENISE PAGE HOOD

### ORDER DENYING MOTION TO STAY PROCEEDINGS UNTIL RESOLUTION OF APPEAL WITHOUT POSTING A BOND OR OTHER SECURITY ON APPEAL

This matter comes before the Court on Defendant Michael Farmer's Motion to Stay Proceedings until Resolution of Appeal without posting a bond or other security. Plaintiff Tommie Seymore filed a response to the motion.

Rule 62(d) of the Rules of Civil Procedure provides that if an appeal is taken, the appellant may obtain a stay by supersedeas bond and the stay takes effect when the court approves the bond. Fed. R. Civ. P. 62(d). Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right. *See, Arban v. West Pub. Corp.,* 345 F.3d 390, 409 (6th Cir. 2003). Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a

matter of right. *Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) (citing *Am. Mfr. Mut. Ins. Co. v. Am. Broad. Paramount Theaters, Inc.*, 385 U.S. 931 (1966)). Rule 62(d) establishes not only the appellant's right to a stay, but also the appellees right to have a bond posted. Because of Rule 62(d)'s dual protective role, a full supersedeas bond should almost always be required. *Poplar Grove Planting and Refining Co., Inc. v. Bache Halley Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir.1979); *Hailin v. Charter Twp. of Flint*, 181 FRAT 348, 351 (E.D. Mich. 1998) . However, "the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right, it does not speak to stays granted by the court in accordance with its discretion." *Arban,* 345 F.3d at 409*.*

When determining whether to waive the posting of bond, the district court may look to several criteria enumerated by this court: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether "the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money"; and (5) whether

the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988). In the *Dillon* case, the City of Chicago presented affidavits to the district court outlining how judgments were paid. *Id.* at 905.

Defendant Farmer's only argument for a stay without payment of a supersedeas bond or security is that the issue of attorney fees and costs is inextricably linked to the issue on appeal. Plaintiff responds that at a minimum, Defendant Farmer should submit an affidavit indicating the State of Michigan will indemnify Defendant Farmer if the jury's verdict is affirmed. Otherwise, Plaintiff seeks a bond pending appeal.

Based on the criteria set forth above, Defendant Farmer has not shown that a stay without bond should be granted in this instance. As requested by Plaintiff, the State of Michigan has not affirmatively indicated that it will indemnify Defendant Farmer the judgment is affirmed on appeal. Applying the criteria set forth by the Seventh Circuit, without an affidavit or other assurances from Defendant Farmer, the Court cannot determine the complexity of the collection process either with the individual Defendant Farmer or the State of Michigan if the State were to indemnify Defendant

Farmer. The Court also cannot determine the time required to obtain a judgment after it is affirmed on appeal since Defendant Farmer has not offered any such time line. Although the State of Michigan "probably" has the availability to fund the judgment, the Court does not have the same confidence if Defendant Farmer has the availability to fund the judgment since there is no statement from the State of Michigan that it will indemnify Defendant Farmer if the judgment is affirmed. Defendant Farmer's ability to pay the judgment is not so plain and obvious in that the cost of a bond would be a waste of money. There is no indication as to Defendant Farmer's financial situation for the Court to determine whether the requirement to post a bond would place other creditors of Defendant Farmer in an insecure position, and, Defendant Farmer has not so argued.

Given the Rule 62(d)'s dual protective role that the appellant has a right to a stay, and the appellee's right to have a bond posted, and, given that Defendant Farmer has not shown that he has the ability to fund the judgment, nor has the State of Michigan indicated that Defendant Farmer will be indemnified if the judgment is affirmed, the Court finds that Defendant Farmer must post a bond or other security, such as an affirmative statement form the States of Michigan that Defendant Farmer

will be indemnified, in order for a stay to issue. Defendant Bond must post the bond or other security within 30 days from the entry of this Order. Otherwise, Plaintiff may executive on the Judgment thereafter.

Accordingly,

IT IS ORDERED that Defendant's Motion to Stay Proceedings in the District Court until Resolution of Appeal **[ECF No. 86]** is DENIED, unless Defendant posts a bond or other security as noted above, within thirty (30) days from the entry of this Order.

s/Denise Page Hood
Denise Page Hood
United States District Judge

DATED: January 31, 2024